## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

RONALD J. PECHLER,

      Petitioner,

-vs-                                      Case No.  8:14-cv-2252-T-36EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## ORDER

      Petitioner, a State of Florida prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("petition") pursuant to 28 U.S.C. § 2254 challenging state convictions for possession of cocaine and strong armed robbery entered in 1997 by the Twelfth Judicial Circuit Court, Manatee County, Florida (Dkt. 1). The Court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases, and concludes that the petition is subject to summary dismissal.

## DISCUSSION

      According to the petition, Petitioner entered into a plea agreement on March 12, 1997, in which he pleaded no contest to strong armed robbery and possession of cocaine (Dkt. 1 at docket pp. 1, 5).  Petitioner was sentenced to a term of 13.5 years in prison (Id. at docket p. 1).  Petitioner neither appealed nor filed post-conviction motions in state court challenging his convictions or sentences (Id. at docket pp. 2-5).

      Petitioner filed the instant federal habeas petition on September 5, 2014.  He asserts one

claim for relief, to wit, that his plea was involuntary because the trial court failed to advise him that his convictions could be used to enhance a future sentence (Id. at docket p. 5).

Initially, this Court must address whether Petitioner was in custody for purposes of 28 U.S.C. § 2254 when he filed the instant petition. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted). A § 2254 petitioner must show that at the time he filed his petition, he was "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). In *Green v. Price*, 439 Fed. Appx. 777 (11th Cir. 2011) (unpublished), the Eleventh Circuit Court of Appeals discussed the requirement that a petitioner be "in custody" at the time he files his § 2254 petition:

> A district court has jurisdiction to entertain a § 2254 petition only if the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The "in custody" requirement means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Generally, if the petitioner's state sentence has fully expired, he does not meet the "in custody" requirement. *Id.* at 492, 109 S. Ct. at 1926. However, when the § 2254 petition can be construed as asserting a challenge to the current state sentence that was enhanced by an allegedly invalid prior state conviction, the petitioner is "in custody" for purposes of federal habeas jurisdiction. *Id.* at 493-94, 109 S. Ct. at 1926-27; *see also Lackawanna Cnty. Dist Att'y v. Coss*, 532 U.S. 394, 399-402, 121 S. Ct. 1567, 1571-73, 149 L. Ed. 2d 608 (2001) (concluding § 2254 petitioner satisfied "in custody" requirement because the earlier state conviction he nominally sought to challenge had been used to calculate his sentencing range for his later state conviction).

> Although such a § 2254 petitioner satisfies the "in custody" requirement, the petitioner may not collaterally attack the prior expired state sentence unless the petitioner alleges that the prior state conviction was obtained in violation of his Sixth Amendment right to counsel announced in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). *Lackawanna*, 532 U.S. at 404, 121 S. Ct. at 1574. Additionally, the § 2254 petitioner seeking relief under the *Lackawanna* exception must satisfy the procedural prerequisites for relief. *Id.*

*Id*. at 781-82.

Although Petitioner is currently incarcerated, he is not incarcerated on the 1997 convictions.[1] Because Petitioner is no longer serving sentences for his 1997 convictions, he cannot bring a federal habeas action directed solely at those convictions. *See Lackawanna*, 532 U.S. at 401. Nevertheless, Petitioner alleges that his 1997 convictions were used to enhance the state sentence he is currently serving (Dkt. 1 at docket p. 5). Consequently, the Court concludes that Petitioner meets § 2254's "in custody" requirement. *See Maleng*, 490 U.S. at 492-94 (when a § 2254 petition can be read as asserting a challenge to a present sentence that actually was enhanced by the allegedly invalid prior conviction, the prisoner is "in custody" for purposes of § 2254).

Even though Petitioner has met the "in custody" requirement, he is not entitled to challenge his 1997 convictions. *Lackawanna* provided an exception for attacking a prior expired state conviction when such prior conviction had been obtained without the benefit of counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Id*. at 404. Said exception is not applicable here as Petitioner does not contend that he was not represented by counsel during the trial court proceedings related to his prior expired state court convictions and sentences.

Moreover, even if Petitioner had alleged a *Gideon* violation, he still is not entitled to attack his prior expired state convictions because his petition is untimely. *See Lackawanna*, 532 U.S. at 404 (as with any § 2254 petition, a petitioner seeking relief under the *Gideon* exception must satisfy the procedural prerequisites for relief). Pursuant to 28 U.S.C. § 2244,

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas

---

[1] The Court takes judicial notice of information available at the Florida Department Of Corrections ("DOC") Offender Information Network, viewed September 12, 2014, stating that Plaintiff is currently incarcerated on 2009 convictions of burglary, grand theft, and trafficking in stolen property entered on December 13, 2011, in Martin County, Florida, Case No. 09-00847. See Fed. R. Evid. 201.

corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner did not file a direct appeal, and the time for seeking such review expired 30 days after the judgment of conviction was entered. See Fla. R. App. P. 9.110(b). Because the judgment of conviction was entered on March 12, 1997, the time for seeking a direct appeal expired on April 11, 1997.  Petitioner then had until April 11, 1998, absent any tolling, to file a federal habeas petition regarding his convictions.  As noted above, Petitioner did not file any tolling state post-conviction motions, and his federal habeas petition was filed on September 5, 2014, more than 16 years after the one-year limitation period expired.

Petitioner has not pointed to any valid statutory ground for extending the deadline for filing his federal petition.  Further, Petitioner has not satisfied the requirements for equitable tolling,[2] nor

---

[2]The limitation period under § 2244(d) is subject to equitable tolling. *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004).

4

has he presented any arguments sufficient to support a claim of actual innocence.[3] Accordingly, Petitioner's § 2254 petition is time-barred. Petitioner is therefore not entitled to attack his expired convictions.

Accordingly, it is **ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4] Accordingly, a Certificate of Appealability ("COA") is **DENIED** in this case. And, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

4. If Petitioner can show by record evidence that his petition is not time-barred, and that he was not represented by counsel during the trial court proceedings related to his prior expired 1997 state court convictions and sentences, the Court will entertain a motion to reopen this case, if Petitioner files the motion within 28 days from the date of this Order.

---

[3] A cognizable claim of actual innocence justifies an exception to the limitation bar under § 2244(d). *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.").

[4] Pursuant to Rule 11 of the Rules Governing Section 2254 Cases In the United States District Courts,

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**DONE and ORDERED** in Tampa, Florida, on September 15, 2014.

Charlene Edwards Honeywell
United States District Judge

Copy to: Petitioner *pro se*